William Andrew Allen
Ex Parte

Court of Appeals
for the
Frist District of TEXAS

November 24 2015

CASE No. 01-15-00741-CR.
Through 01-15-00751-CR.

DEC - 4 2015

IN RE William Andrew Allen Relator CM

TO THE Hornoble Judge Sherry Radack.

The United States Contustion of THe Unitsd States
Amendment Fourteen.
In Habeas Corpus Action, Court of Appeals may
order party Released when Judgement or order is
Void for Lack of Jurisdiction or because party
was deprived of Liberty without Due process of Law.

In Ex Parte Haskin. In a Habeas Corpus Action The
Guilt or Innocence of The Relator is Not An Issue.
We Are Concerned only with The legality of The Relator's
detention. Gilbert V Texas 437 sw2d 444, 446 Tex Cio App
Houston 14th District 1969. We may order a party Re-
leased when The Judgement is Void for lack of Jyris-
diction or because The party was deprived of Liberty
without Due process of Law. Ex Parte Barnett 600
sw 2d 252, 254 (Tex 1980)

Point one The Frist District of Texas. Recieved
A Certificate of Appeals from The Waller
County District Court. On This Certificate was
The signature That Does Not Belong To Relator.
William Andrew Allen.

Point Two. on July 20 2010 Notice of Appeal was
presented By Attorney Calvin Garvie.

Page 1 of 5

Without The Authorty or Consent of Relator William Andrew Allen. In That Notice of Appeal Attorney Calvin Garvie Stated That (A motion for New Trial was timely filed By This Counsel, was not ruled on by The Court within The Prescribed Time Period. It is Therefore denied By operation of Law). This motion was Also filed without The Authorty or Concent of Relator. An also This Motion for New Trial was denied by Judge James Keeshan on June 16, 2010 Relator Had No oppertunity To Present His Case To The Court on Motion for New Trial And Attorney Calvin Garvie was Told on April 23 2010 That Relator Wanted a Hearing on Motion for New trial So As He Could Be up Matters Not on Record And To Bring Up Ineffective Assistance of Counsel At Trial

Garcia V Dial 596 sw2d 527 Mandamus. The Appellate Court has Jurisdiction To Consider The Application for Issuance of The writs of Mandamus and prohibition under The Authorty of The Texas Constitution Artidle 5 § 5.
Texas Constitution Article 5 §8 Texas Code of Crim Proc. Article 4.05
Jurisdiction maybe Consisely stated To be The Right To Adjudicate concerning The Subject Matter In a given Case. Unless The power or Authorty of a Court To preform a Contemplated Act can be found In The Constitution or Laws Enacted There under, it is without Jurisdiction and its Acts without Validity.

This Court first District of Texas Appeal Court does Have Jurisdiction To Render Mandamus Action By The United States Constitution. Texas Constitution And By Texas Code of Criminal Procedure.

Page 2 of 5

Texas State Legislature Texas Constitution. Texas Law.
"Jurisdiction" is The Authority conferred upon a Court by
Constitution and Laws of The State which Allows Courts
To Adudicate litigants Rights and Render A Judgement.
Stins v State (App 10 Dist 1996) 935 SW2d 443.
Only State Constitution and Laws adopted by State ligisture
Can grant Jurisdiction To Court.
Marin v State 851 SW2d 775, 779 (Tex App 1993.

Vernon Ann Texas Government Code. 24.254 Judicial District Court (Austin, Fayette, and Waller County.
(9) The Terms of The 155th Judicial District Court begin:

(1) In Austin County on The First Monday In April and November.

(2) In Fayette County on The First Monday In February and September.

(3) In Waller County on The First Monday In January and June.

Vernon Ann Texas Government Code 24.309 Jurisdiction
Each Court listed In This Sub Chapter has Jurisdiction
provided by The Constitution and The general Laws of
This State for District Court.
Vernon Ann Texas Constitution Article 5§8

Vernon Ann Texas Government Code 24.017.
Terms and Sessions of Courts.

(a) Each District and Criminal district Court holds At
Least Two Terms of Court Each Year In Each County
In The district

2011 Legislation Act 2011 182nd Leg., 1st C.S. Ch.3.
(H.B. 79) Rewritten Subsec(a) which prior Thereto
Read:
(a) notwithstanding Any other Law, Each District Court Holds
In Each County In The district Terms That Commence on The
First Monday In January and July of Each Year.

Relator William Andrew Allen Has Attemped Time After Time To Abtain Complete Records of The Clerks File from 2010 To Date. These Records will show that Not only Did The Waller District Court Not Have Jurisdiction of The 155th District Court But The District Attorney Withheld Evidence. Submitted Evidence To Attorney Not Involved In This Case. Clerks Record Also Shows That Six Peaces of Vidal Evidence was withheld from the Court And The Surgp. Evidence That was Subpoena And was Never presented. Witnesses That were Never Called To Trial. Letters of Recant That was Never presented To The Relator OR The Court OR The Jury. Relator Has Letter To District Attorney, Court Clerk And Attorney Calvin Garvie. But Has No Avenue To Copy Them To Send To The Court for proof. As The Texas Department of Criminal Justice does Not Allow Inmate To Copy Any form of Evidence.

Criminal Law 1021.1 States
If There Is A Question concerning The Right of Appeal certain Matters, It Is A Matter within The Jurisdiction of The Court of Appeals To decide And Not within The Jurisdiction of The Trial Court To decide.

Mandamus Is Available when A Trial Judge Enters A Order without Statutory Authority In Re State 80 SW3d 100,102 Tex App El Paso, 2001
An Order Entered without Authority Is Void. And Mandamus Is The Approriate Remedy when A Trial Court Enters A Void Judgement or order.
In Re Dickason 987 SW2d 570, 571 (Tex 1998)

## PRAYER

Relator Prays That The Honorable Court of Appeals Concides His Writ of Mandamus. As This is The only Remendy Relate Has.

Respecfully
William Andrew Allen
01637192

November 24 2015

## Certificate of Service

I Certify That on This The 24 Day of November 2015 William Andrew Allen Sent US Postage Paid mail To The frist District Court of Appeals 301 Sanmin St Houston Texas. 77002-2060

## Inmates Declaration

I William Andrew Allen Am The petitioner And being presently Incarcerated In TDCJ. CT Terrell unit R3. declare Under Penalty of perjury that, According To my belief, The facts stated in This Above petition are True and Correct,

Signed This 24 Day of November 2015

William Andrew Allen

Page 5 o5 5

SOUTH HOUSTON TX 775

02 DEC 2015 PM1 L

William Andrew Allen
01637192 ST TERRELL
1300 Fm 655
Rosharon Texas 77583,

COURT OF APPEALS
FIRST DISTRICT OF TEXAS

DEC - 4 2015

CHRISTOPHER A PRINE
CLERK

Court of Appeals First Dist.
301 Fannin St.
Houston Texas
77002-2066

7700220659

CASE NO. 01-15-08741-CR